1

2

3

4

5              **UNITED STATES DISTRICT COURT**

6                    EASTERN DISTRICT OF CALIFORNIA

7

8

9   RODOLFO MOLINA, JR,                    )   1:07-cv-00330-OWW-TAG HC
                                            )
                        Petitioner,         )   REPORT AND RECOMMENDATION TO
10                                          )   DISMISS PETITION FOR WRIT OF HABEAS
        v.                                  )   CORPUS; ORDER DIRECTING OBJECTIONS
11                                          )   TO BE FILED WITHIN TWENTY DAYS
                                            )   (Doc. 1)
12  JEFF WRIGLEY,                           )
                                            )   ORDER DENYING AS MOOT PETITIONER'S
13                      Respondent.         )   MOTION DEMANDING THAT CAUSE BE
    _____)   SHOWN (Doc. 3)

14

15         Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2241.

17         Petitioner filed the instant federal petition on February 28, 2007.  (Doc. 1).  The petition

18  alleges that on October 24, 1991, Petitioner was convicted of conspiracy to possess with intent to

19  distribute cocaine, in the United States District Court for the District of Arizona.  (Id.).  Petitioner

20  does not indicate the length of his sentence.  Petitioner alleges that he appealed  his conviction

21  and sentence to the U.S. Court of Appeals for the Ninth Circuit, which reversed his conviction

22  and remanded the case.  (Id. at p. 2).  A second appeal affirmed the conviction on September 16,

23  2002.  (Id.).

24         Petitioner now brings this habeas petition alleging that his original trial judge in the

25  District of Arizona did not have an "oath of office" or a "bond" and therefore Petitioner's

26  conviction and sentence "is in violation of the Constitution because it is an illegal sentence."

27  (Id. at p. 3).  Petitioner also alleges that the prosecutor did not have a bond to operate legally as a

28  federal prosecutor.  (Id.).

                                               1

1    On June 1, 2007, Petitioner filed a Motion Demanding That Cause Be Shown to explain

2  why this Court "has failed to forthwith issue a judicial ruling or determination supported by

3  'findings of facts' and 'conclusions of law' on Petitioner's habeas petition.  (Doc. 3).

4    As indicated more fully below, the Court determines that Petitioner's claim challenges his

5  original conviction and sentence, and therefore the claim should have been brought in the

6  sentencing court as a motion pursuant to 28 U.S.C. § 2255.  Thus, the Court  will recommend

7  that the instant petition be dismissed and denied.

8                                          **DISCUSSION**

9    A federal prisoner who wishes to challenge the validity or constitutionality of his

10 conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

11 under 28 U.S.C. § 2255.  In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997);  Tripati v. Henman,

12 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983);

13 Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing

14 court has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a

15 federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to

16 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d

17 at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

18    In contrast, a federal prisoner challenging the manner, location, or conditions of that

19 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

20 Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d

21 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);

22 United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476,

23 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);

24 Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

25    In this case, Petitioner is clearly challenging the validity and constitutionality of his

26 sentence rather than an error in the administration of his sentence.  Petitioner acknowledges as

27 much on the form petition by indicating that he is challenging his 1991 conviction and sentence.

28 Also, his stated ground for relief--that the trial judge did not have the requisite oath and bond,

1  thus making any judgment entered by him in 1991 illegal–together with Petitioner's own

2  admission, dictate the conclusion that Petitioner is challenging *only* his conviction and sentence.

3  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255, not a habeas

4  petition pursuant to § 2241.   Although Petitioner has filed his petition on a form indicating it is

5  pursuant to § 2241,  a petition contending Petitioner's sentence is invalid is still a § 2255 petition

6  regardless of what Petitioner calls the petition.  See Brown, 610 F.2d at 677.

7        In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

8  under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective

9  to test the validity of his detention."  United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)

10 (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an

11 inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow

12 exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003); Pirro, 104 F.3d at 299;

13 Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to

14 render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of

15 bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage,

16 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).

17       The Ninth Circuit has also provided little guidance on what actually constitutes

18 "inadequate and ineffective" in relation to the savings clause.  It has acknowledged that "[other]

19 circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and

20 thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually

21 innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed

22 procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, citing  Lorentsen v. Hood,

23 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  The burden is on the petitioner to

24 show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83

25 (9th Cir. 1963).

26       In his petition, Petitioner alleges that he has filed two prior motions pursuant to § 2255,

27 copies of which were attached to the petition, and that § 2255 is therefore inadequate and

28 ineffective.  (Doc. 1, p. 4).   The first motion to vacate judgment was filed on January 16, 2007,

3

1    in the District Court for the District of Arizona.  (Doc. 1, First Attachment).  In that document,

2    Petitioner alleges that he is "the holder of a perfected security interest in petitioner and parmount

3    [sic] first-in-line creditor by stipulation of the parties."  (Id.).  Petitioner purports to "issue[ ] this

4    Bond to discharge all debt in the matter of Case No. CR-91-00253-TUC-DCB, which is

5    dischargeable as mandated by Public Policy through the Bureau of Public Debt."  (Id.).

6    Petitioner also purports to have requested, on October 24, 2006, proof of identity from the

7    District Judge who tried his original case in 1991, and that said District Judge had "failed to

8    respond within the 21 days allowed for response."  (Id. at p. 2).  Petitioner alleges that he sent a

9    Freedom of Information Act ("FOIA") request to the United States District Court for the District

10    of Arizona on November 14, 2006, giving the Clerk of Court ten days within which to respond

11    with information regarding any "bond" in the name of the District Judge.  (Id. at p. 4).  Petitioner

12    alleges that he received no response.  (Id.).

13      The second motion to vacate was filed in the District of Arizona on January 31, 2007,

14    and alleges that he has made FOIA requests regarding any bonds in the name of the prosecutor or

15    judge in his 1991 case, or any oath of office for the judge.  (Doc. 1, Second Attachment, p. 2).

16    Petitioner contends that both the prosecutor and the judge were required, as conditions of their

17    offices, to post a surety bond, and therefore any acts undertaken by them without such a bond are

18    illegal acts.  (Id.).  However, Petitioner cites no authority for this proposition as it pertains to

19    either a District Judge or a United States Attorney.  Petitioner requests that his conviction be

20    vacated and the case dismissed.  (Id. at p. 5).

21      The instant petition alleges that Petitioner has not received a ruling on either § 2255

22    motion.  (Doc. 1, p. 4).  It is apparent, therefore, that Petitioner has failed to establish that § 2255

23    is either inadequate or ineffective since he has not received a ruling on either motion.  Moreover,

24    even assuming that both motions are eventually denied, as discussed above, the mere prior denial

25    of § 2255 motions does not mean that § 2255 is inadequate or ineffective.  Aronson, 85 S.Ct.

26    at 5 (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.)

27      Moreover, Petitioner makes no claim that he is either factually innocent or that he has not

28    has an "unobstructed procedural shot" at presenting his arguments in the District Court for the

1    District of Arizona.  Indeed, if Petitioner's allegations are true, i.e., that his two prior § 2255

2    motions (Petitioner's "unobstructed procedural shots") are still pending in the District of

3    Arizona, then a remedy is still possible.  Petitioner has not therefore established that he qualifies

4    for the "narrow" exception to the general rule that he must raise this contention by way of a

5    § 2255 motion in the trial court, not a § 2241 petition in this Court.

6            In sum, the record now before this Court supports the Court's construction that the

7    petition is challenging Petitioner's conviction and sentence, not the execution of that sentence.

8    Hence, should Petitioner wish to pursue this claim in federal court, he must do so by way of a

9    motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

10           Therefore,  the petition should be dismissed on the grounds that no relief under § 2241

11   can be afforded.  Moreover, because of the instant recommendation, Petitioner's motion

12   demanding a ruling from this Court (Doc. 3) is now moot and must be denied.

13                                              **ORDER**

14           Accordingly, it is HEREBY ORDERED that Petitioner's Motion Demanding That Cause

15   Be Shown (Doc. 3), is DENIED as MOOT.

16                                      **RECOMMENDATION**

17           The Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1),  be

18   DISMISSED because Petitioner's claim does not allege grounds that would entitle petitioner to

19   relief under 28 U.S.C. § 2241.

20           This Report and Recommendation is submitted to the United States District Court Judge

21   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

22   the Local Rules of Practice for the United States District Court, Eastern District of California.

23   Within twenty (20) days after being served with a copy of this Report and Recommendation, any

24   party may file written objections with the Court and serve a copy on all parties.  Such a document

25   should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies

26   to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by

27

28           [1]A motion for reconsideration of sentence pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced.*  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the District of Arizona. Thus, that court is the proper court for filing a motion pursuant to § 2255.

                                                  5

1    mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling

2    pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

3    within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez</u>

4    <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5

6    IT IS SO ORDERED.

7    Dated:   **June 5, 2007**                                    **/s/ Theresa A. Goldner**

8    _____                                                     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28